UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>THARE JOSUE NAVARRO ROBLES (1)<br>AND ALEX GEOVANNI ZEPEDA MORALES<br>(2),<br><br>                    Defendants. | No.   4:16-CR-6019-EFS-1<br>       4:16-CR-6019-EFS-2<br><br>**CASE MANAGEMENT ORDER** |

     Having considered the parties' proposed case schedule and deadlines, the Court now enters the following Case Management Order, which sets forth the deadlines, hearings, and requirements the parties will observe in this matter.  To the extent this Order conflicts with any previously entered Orders in this matter, this Order shall govern. The Court will grant relief from the requirements in this Order only upon motion and good cause shown.

     **IT IS HEREBY ORDERED:**

     **1.    Emailing the Court.**  Where this Order requires counsel to email documents to the Court, all documents shall be attached to the email in Microsoft Word (.doc/.docx) or rich-text (.rtf) format.  The subject line of each email shall be formatted as follows:

CASE MANAGEMENT ORDER - 1

1             **[Case No.]; [Case Name]; [Title of Document]**

2             (e.g.: *CR-13-9999-EFS; USA v. Doe; Trial Brief*)

3   **2.   Discovery**

4       *A.*   All discovery documents must be Bates-stamped with a

5           unique identifier and must be produced digitally in a

6           text-searchable format.  The Court will grant relief

7           from this requirement only in exceptional

8           circumstances, upon motion and good cause shown.

9       *B.*   Pursuant to the Eastern District of Washington Local

10          Criminal Rule 16, the Court presumes a defense request

11          for discovery under Federal Rule of Criminal Procedure

12          16 for **documents and objects**, Fed. R. Crim. P.

13          16(a)(1)(E), **reports of examinations and tests**, Fed.

14          R. Crim. P. 16(a)(1)(F), **AND expert witnesses**, Fed. R.

15          Crim. P. 16(a)(1)(G), and as such these items are

16          ordered disclosed.  Therefore, the Court imposes a

17          reciprocal duty on defense counsel to provide discovery

18          under Rule 16(b)(1)(A-C) **for each of the above**

19          **categories**.  <u>Defendants who do not wish to invoke</u>

20          <u>reciprocal discovery obligations must file a notice</u>

21          <u>with the Court and with opposing counsel prior to</u>

22          <u>accepting discovery from the Government.</u>

23       *C.*   The Court further presumes a request for discovery and

24          disclosure under Federal Rules of Evidence 404(b),

25          608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963),

26          *Giglio v. United States*, 405 U.S. 150 (1972), *United*

        *States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny, and as such these items are ordered disclosed.

**D.** For those discovery matters ordered to be disclosed by this Order, a party shall not file a motion seeking such discovery, unless the disclosing party fails to timely produce such discovery.

**E.** Any party seeking discovery or disclosure not otherwise provided for in this Order, or discovery that was ordered by this Order and not timely provided, shall file a motion stating the specific materials sought, the legal authority for the specific request, and certify that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the discovery or disclosure without court action.

**3. Expert-Witness Summaries**

**A.** Each party shall produce to opposing counsel all summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16, by the deadlines set forth below:

    **USAO's Experts:**    **May 3, 2016**
    **Defendants' Experts:**    **May 4, 2016**
    **USAO's Rebuttal Experts:**    **May 5, 2016**

Also by the applicable deadline, counsel shall email an electronic copy of the summary to the Court at

CASE MANAGEMENT ORDER - 3

            SheaOrders@waed.uscourts.gov and shall simultaneously file a Notice of Compliance with this requirement.

    ***B.*** All summaries of expert witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule. The Court will not permit an expert witness to testify about opinions which are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

    ***C.*** A party is not permitted to call more than two expert witnesses on any issue, except with permission of the Court. L.R. 43(a)(3).

**4. Motions Practice**

    ***A. Generally.*** By no later than **May 5, 2016**, all pretrial motions — including discovery motions, *Daubert* motions, and motions *in limine* — must be filed and served. *See* Fed. R. Crim. P. 12(c). All motions shall either be: a) noted for hearing without oral argument fourteen (14) days after filing, or b) noted for hearing with oral argument at the pretrial conference. Responses and replies to motions must be filed in accordance with Local Rule 7.1.

    ***B. Expedited Hearing.*** Any party seeking an expedited hearing on a time-sensitive matter must file a motion to expedite which 1) demonstrates good cause, 2) states the position of the opposing party to the motion, and

CASE MANAGEMENT ORDER - 4

3) sets a date of hearing that is no less than **seven (7) days** after the motion's filing.  Should the motion to expedite require more immediate judicial attention, the motion shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion.

5. **Trial Continuances**

    A. *Motion Deadline.*  All motions to continue the trial must be heard before or at the pretrial conference. <u>**Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**</u>.

    B. *Statement of Reasons.*  Pursuant to 18 U.S.C. § 3161, if the Defendant seeks a continuance, a Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[1]  The Statement of Reasons must 1) be signed by the Defendant, 2) be signed by a certified translator, if applicable, and 3) indicate the latest date upon which Defendant is willing to proceed to trial.

    C. *Procedure.*  Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial

---

[1] The Court's Statement of Reasons template can be found on the Eastern District of Washington's public website: www.waed.uscourts.gov.

CASE MANAGEMENT ORDER - 5

continuance.  Thereafter, counsel shall confer with opposing counsel regarding new case management deadlines consistent with the new pretrial conference and trial date.  **All motions to continue must include new proposed case management deadlines (either joint or individual) to ensure the to-be-imposed deadlines are best suited to this case.**

6. **Pretrial Conference**

   *A.* The Pretrial Conference remains **SET** for **May 24, 2016**, at **10:30 a.m.** in **RICHLAND**.  At this hearing, the Court will hear **ALL** pretrial motions.

   *B.* All pretrial conferences are scheduled to last no more than **thirty (30) minutes**, with each side allotted **fifteen (15) minutes** to present their own motions and resist motions by opposing counsel.  If any party anticipates requiring longer than fifteen minutes, that party must notify the Courtroom Deputy at least seven (7) days prior to the hearing.  **<u>Any party who fails to provide this notice will be limited to fifteen (15) minutes.</u>**

7. **Confidential Informants (CIs).** By no later than **June 1, 2016,** the USAO shall disclose to Defendants the identity of any CIs used in the case and shall advise Defendants at that time whether any CI so identified is willing to be interviewed by defense counsel.

CASE MANAGEMENT ORDER - 6

1     **8.**     **Grand Jury Transcripts.** The USAO shall produce copies of the grand jury transcripts for any witness it intends to call at trial by: **June 1, 2016.**

**9.**     **Exhibit Lists**

    *A.*     By no later than **June 3, 2016**, each party shall file a list of exhibits the party intends to introduce at trial. Each party shall also email copies of their exhibit list to the Court at SheaOrders@waed.uscourts.gov. The parties shall provide their exhibit list in the following format:

| Ex. # | Admitted | Description |
|---|---|---|
| 1 | | Photograph of items seized |
| 2 | | Aerial video surveillance from 1/1/2011.<br>Start Time: 01:03:23<br>End Time:   01:09:54 |

    Exhibit lists shall include a unique exhibit number and a brief description of the exhibit. For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

    *B.*     The USAO shall consecutively number their exhibits from **1 to 999.** In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g.

CASE MANAGEMENT ORDER - 7

|   |   |   |
|---|---|---|
| 1 |   | Defendant 3 would number exhibits from 3000 to 3999, |
| 2 |   | etc.). Exhibits shall be pre-marked for identification |
| 3 |   | before trial commences. |
| 4 | 10. | **Witness Lists.** By no later than **June 3, 2016,** each party |
| 5 |   | shall file and serve a list of witnesses that party intends |
| 6 |   | to call to testify at trial. **The witness list must identify** |
| 7 |   | **the existence, but need not include the name, of any CI the** |
| 8 |   | **USAO intends to call to testify.** Parties shall email copies |
| 9 |   | of their witness list to the Court at |
| 10 |   | SheaOrders@waed.uscourts.gov. |
| 11 | 11. | **Requested Voir Dire, Trial Briefs, Proposed Jury** |
| 12 |   | **Instructions, and Verdict Form.** By no later than **June 3,** |
| 13 |   | **2016,** each party shall file requested voir dire, a trial |
| 14 |   | brief, proposed jury instructions, and verdict form, in |
| 15 |   | accordance with the requirements below. Each party shall |
| 16 |   | email copies to the Court at SheaOrders@waed.uscourts.gov. |
| 17 | A. | *Requested Voir Dire.* The parties may request that the |
| 18 |   | Court include specific questions during the Court's |
| 19 |   | standard voir dire. Requested voir dire shall not |
| 20 |   | duplicate information elicited in the Clerk's Office |
| 21 |   | Jury Questionnaire ("COJQ") and the Court's Criminal |
| 22 |   | Jury Trial Procedures Letter. |
| 23 | B. | *Trial Briefs.* Trial briefs shall not exceed twenty |
| 24 |   | (20) pages without prior Court approval, upon motion |
| 25 |   | and good cause shown. LR 39.1. |

CASE MANAGEMENT ORDER - 8

1      **C.    *Proposed Jury Instructions and Verdict Form.*** Jury instructions shall 1) address issues that are unique to the case, and 2) include instructions regarding the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memoranda accompanying the individually proposed instruction(s) sets forth the legal authority and justification for why the instruction is necessary.

**12.   Exhibits**

   ***A.   Exhibit Binders.*** By no later than **June 3, 2016,** each party must provide to the Court two Bates-stamped copies of all trial exhibits — or, in the case of physical exhibits, a photograph or other reproduction of the exhibit — the party intends to introduce at trial. All trial exhibits shall be organized sequentially by exhibit number in a three-ring binder.

The exhibit binders provided to the Court will <u>not</u> be available for use by the attorneys at trial.

 B. **JERS.**

  i. The Court utilizes the Jury Evidence Recording System (JERS), a system that makes evidence digitally available to the jury during deliberations. **Counsel shall promptly consult the Court's JERS Information web page[2] to acquaint themselves with JERS procedures and to ensure they acquire, retain, and provide evidence to the Court in the necessary format**.

  ii. By no later than **June 3, 2016,** each party who intends to introduce evidence at trial must supply its JERS exhibits to the Courtroom Deputy in the manner and format set forth in the JERS – Basics for Lawyers document.[3] Counsel may contact the Courtroom Deputy at (509) 943-8172 with any questions.

 C. **Exchange of Exhibits.** By no later than **June 3, 2016**, each party must provide to all other parties a copy of the exhibits it intends to introduce at trial. The

---

[2] http://www.waed.uscourts.gov/jers-information.

[3] This document can be found on the Court's public website at the following link: http://www.waed.uscourts.gov/sites/default/files/u86/JERS%20-%20Basics%20for%20Lawyers.pdf.

CASE MANAGEMENT ORDER - 10

exhibits must be provided in digital format, unless the parties agree otherwise.

13. **Trial Notices.** By no later than **June 3, 2016,** each party shall file a notice that indicates the amount of time requested for voir dire and for opening statement. In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions.

14. **Technology Readiness Meeting.** By no later than **June 6, 2016,** any party seeking to offer video or audio evidence at trial must meet with Court staff at the location of the trial to verify compatibility with the Court's presentation systems. The parties shall contact the Courtroom Deputy at (509) 943-8172 to arrange this meeting.

15. **Trial**. The jury trial remains **SET** for **June 13, 2016**, at **9:00 a.m.** in **RICHLAND**. Counsel and Defendants shall be prepared to meet with the Court at least thirty (30) minutes prior to the commencement of the trial.

16. **Summary of Deadlines**

| | |
|---|---|
| Rule 16 expert summaries produced to other parties and emailed to Court:<br>            USAO's Experts:<br>            Defendants' Experts:<br>            USAO's Rebuttal Experts: | **May 3, 2016**<br>**May 4, 2016**<br>**May 5, 2016** |
| All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed | **May 5, 2016** |
| **PRETRIAL CONFERENCE**<br>*Deadline for motions to continue trial* | **May 24, 2016**<br>**10:30 A.M. - RICHLAND** |
| CIs' identities and willingness to be interviewed disclosed to Defendants (if applicable) | **June 1, 2016** |
| Grand jury transcripts produced to Defendants: | **June 1, 2016** |

CASE MANAGEMENT ORDER - 11

| | |
|---|---|
| Exhibit and witness lists filed and emailed to the Court | **June 3, 2016** |
| Requested voir dire, trial briefs, jury instructions, and verdict forms filed and emailed to the Court | **June 3, 2016** |
| Exhibits delivered to all other parties | **June 3, 2016** |
| Exhibit binders delivered to the Court | **June 3, 2016** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **June 3, 2016** |
| Trial notices filed with the Court | **June 3, 2016** |
| Technology readiness meeting (in-person) | **June 6, 2016** |
| **JURY TRIAL** | **June 13, 2016 9:00 A.M. - RICHLAND** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 29 day of April 2016.

                    s/Edward F. Shea
                  EDWARD F. SHEA
           Senior United States District Judge

Q:\EFS\Criminal\2016\6019.CMO.lc1.docx

CASE MANAGEMENT ORDER - 12